AO 245B (Rev. 9/00) - Judgment in a Criminal Case

# Date of Original Judgment:  December 2, 2003
(or Date of Last Amended Judgment)

**Reason for Amendment:**

[X] Correction of Sentence on Remand (Fed.R.Crim.P.35(a))
[ ] Reduction of Sentence for Changed Circumstances
   (Fed. R.Crim.P.35(b))
[ ] Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35©)
[ ] Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

[ ] Modification of Supervision Conditions (18 U.S.C § 3563©) or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and
   Compelling Reasons (18 U.S.C. §3582(c)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive
   Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255,
   [ ] 18 U.S.C. § 3559(c)(7), or [ ] Modification of Restitution Order

## United States District Court
### Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**OLIVER ESPANOL**<br>a.k.a. "Clemente Zavaleta" | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:   CR-02-40239-01 SBA<br><br>BRENDAN CONROY<br>Defendant's Attorney |

**THE DEFENDANT:**

[x]   pleaded guilty to count(s): <u>one of the superseding Information</u> .
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE | May 29. 2002 | one |

   The defendant is sentenced as provided in pages 2 through <u>9</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.: | July 24, 2007 |
| | Date of Imposition of Judgment |
| Defendant's Date of Birth:        11/23/71 | |
| | *Saundra B Armstrong* (signature) |
| Defendant's USM No.:   97288-011 | Signature of Judicial Officer |
| <u>Defendant's Residence Address</u>: | Honorable Saundra B. Armstrong, U. S. District Judge |

AO 245B (Rev. 9/00) - Judgment in a Criminal Case

| | |
|---|---|
| 1031 70th Avenue<br>Oakland, CA | Name & Title of Judicial Officer |
| | 7/26/07 |
| Defendant's Mailing Address:<br>1031 70th Avenue<br>Oakland, CA | Date |

AO 245B (Rev. 9/00) - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | OLIVER ESPANOL | Judgment - Page 3 of 9 |
| CASE NUMBER: | CR-02-40239-01 SBA | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  seventy-seven (77) months .

[**x**]    The Court makes the following recommendations to the Bureau of Prisons:

[**x**]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before _ on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

 

                                                                            UNITED STATES MARSHAL

                                              By _____
                                                                       Deputy U.S. Marshal

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | OLIVER ESPANOL | Judgment - Page 4 of 9 |
| CASE NUMBER: | CR-02-40239-01 SBA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years .


While on Supervised Release you shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  Revocation of supervised release is mandatory for possession of a controlled substance.
   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant
      poses a low risk of future substance abuse.  (Check if applicable.)

[x]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

Revocation of supervised release in mandatory for refusal to comply with drug testing imposed as a condition of supervision.  18 U.S.C. Sections 3565(b)(3) and 3583 (g)(3)
   You shall pay the assessment imposed in accordance with 18 U.S.C. Section 3013, and shall immediately notify the probation officer of any change in your economic circumstances that might affect your ability to pay a special assessment, fine, restitution, or co-payments ordered by the Court.
   If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that you pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant shall cooperate with the probation officer in meeting any financial obligations

AO 245B (Rev. 9/00)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | OLIVER ESPANOL | Judgment - Page 5 of 9 |
| CASE NUMBER: | CR-02-40239-01 SBA | |

## STANDARD CONDITIONS OF SUPERVISION

It is the order of the Court that the defendant shall comply with the following standard conditions:

1) The defendant shall not leave the judicial district or other specified geographical area without permission of the Court or the probation officer;
2) The defendant shall report to the probation officer as directed by the Court or the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities, including but not limited to, compliance with the terms of any court order or administrative process pursuant to the laws of a state, the District of Columbia, or any other possession or territory of the United States, requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7) The defendant shall consume no alcohol if sentenced to the special condition that the defendant is to participate in a drug/alcohol program;
8) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
14) The defendant shall notify third parties of risks related to the defendant's criminal record, personal history, or characteristics, and shall permit the probation officer to make such notifications and/or confirm the defendant compliance with this notification requirement

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | OLIVER ESPANOL | Judgment - Page 6 of 9 |
| CASE NUMBER: | CR-02-40239-01 SBA | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall comply with the rules and regulations of the Bureau of Immigration and Customs Enforcement and, if deported, not reenter the United States without the express consent of the Secretary of the Department of Homeland Security. Upon legal reentry into the United States during the period of court ordered supervision, the defendant shall report to the nearest United States Probation Office within 72 hours.

2. The defendant shall participate in a drug and alcohol aftercare treatment program, which may include testing to determine whether he has reverted to the use of drugs or alcohol, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, in an amount not to exceed $60 per session, as deemed appropriate by the Probation Officer. Payment shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

3. The defendant shall submit his person, residence, office, vehicle or any property under his control to a search. Such a search shall be conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall warn any residents that the premises may be subject to searches.

4. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| DEFENDANT: | OLIVER ESPANOL | Judgment - Page 7 of 9 |
| CASE NUMBER: | CR-02-40239-01 SBA | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments directly following the Monetary Penalties section.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ] The determination of restitution is deferred until ___.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement $ ___

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　　[ ] the interest requirement is waived for the    [ ] fine and/or    [ ] restitution.

　　[ ] the interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | OLIVER ESPANOL | Judgment - Page 8 of 9 |
| CASE NUMBER: | CR-02-40239-01 SBA | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [x]  Lump sum payment of $100.00 due immediately, balance due

  [ ]   not later than ____, or

  [ ]   in accordance with ( ) C, ( ) D, or () E below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below); or

C  [ ]  Payment in ____ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in ____ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [x]  Special instructions regarding the payment of criminal monetary penalties: The Court finds that the Defendant does not have the ability to pay a fine, and therefore the fine is waived.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

  [ ]  Joint and Several

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

  [ ]  The defendant shall pay the cost of prosecution.

  [ ]  The defendant shall pay the following court cost(s):

  [ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | OLIVER ESPANOL | Judgment - Page 9 of 9 |
| CASE NUMBER: | CR-02-40239-01 SBA | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, (8) costs, including cost of prosecution and court costs.